**In re Patricia Sullivan PHILLIPS, Debtor.**

**Bankruptcy No. 1–86–01267.**

United States Bankruptcy Court, E.D. Tennessee.

March 23, 1987.

Frank Van Cleave of Ray & Van Cleave, Tullahoma, Tenn., for C. Kenneth Still, Trustee in Bankruptcy.

R. Wayne Detring of Buchanan, Edwards & Detring, Hendersonville, Tenn., for Middle Tennessee Indus. Development Ass'n, Inc.

RALPH H. KELLEY, Chief Judge.

The court must decide whether the debtor in bankruptcy (Phillips) or Middle Tennessee Industrial Development Association (MTIDA) was owner of some garment industry equipment at the time Phillips filed her bankruptcy petition. The parties have

agreed that if Phillips owned the property at the time of her bankruptcy then the trustee is entitled to the money, since MTIDA did not have a perfected security interest which would be superior to the trustee's rights. 11 U.S.C. § 544(a)(1) & (2); Tenn.Code Ann. § 47–9–109(2) (definition of equipment); § 47–9–302 (filing of financing statement required) & § 47–9–301(1)(b) & (3) (rights of lien creditor). The equipment has been sold, and the money will be paid to MTIDA or the trustee in bankruptcy according to how the court decides.

MTIDA had a security interest in the equipment when it belonged to Q-Plus Industries, Inc. MTIDA repossessed after default or Q-Plus surrendered the equipment to MTIDA. In either case MTIDA had the right to sell the equipment.

Early in September, 1985, Phillips submitted to MTIDA a proposal to buy the equipment. After negotiations, MTIDA sent Phillips a letter, dated September 10, 1985. It provides as follows:

Dear Ms. Phillips:

This letter will confirm your negotiations with Pat O'Connor concerning the purchase of equipment currently collateral for a loan to MTIDA/TVA. The purchase price for the equipment currently stored at the facilities of Q-Plus Industries, Inc. shall be $44,400. Said loan shall be interest free with payments deferred until May 7, 1987. At that time, a principal reduction payment of $20,000 shall be made. The remaining principal balance of $24,400 with applicable interest at TVA's long term borrowing rate, shall be repaid in annual installments over the next four years. You will establish a sinking fund with monthly installments of $900 for the first ten months and $1,000 per month thereafter, beginning October 7, 1985. The proceeds of the fund are to be used exclusively for repayment of this debt.

All rights of MTIDA in and to this indebtedness will be assigned to TVA. The equipment secured from Q-Plus Industries, Inc. will be pledged as collateral for this loan, together with your personal guaranty. Your husband shall join in that guaranty, if applicable.

If this letter correctly sets forth the terms of your agreement with Pat O'Connor, please sign at the place indicated below and return to me. The supporting documentation will be drafted and forwarded to you promptly, but this will allow you to take possession of the equipment. By your signature hereto, you agree to execute such documents as may be reasonably required by MTIDA/TVA to further implement and carry out the terms of this letter.

Phillips signed the letter and MTIDA allowed her to take possession, but she was responsible for moving the equipment. She moved all but one piece to the building in Grundy County where she intended to operate the business. The other piece of equipment, which she didn't need, was stored in Manchester, Tennessee.

Phillips did not make any of the payments to the sinking fund, which were required by the letter to begin in October, 1985. She began operating the business in November, 1985, and continued until March, 1986, when the business was closed. At that time the documents called for by the letter still had not been prepared and signed by Phillips. Phillips has never signed any such documents.

In April, 1986, MTIDA sent Phillips a letter demanding surrender of the equipment. About the same time, the county executive of Grundy County padlocked the building where the equipment was located.

### Discussion

MTIDA argues that the letter only gave Phillips possession of the property as a bailee pending a sale when all the documents were completed and signed.

 The court does not agree. The parties obviously intended a sale rather than a bailment as the Tennessee courts have defined bailment. *Jernigan v. Ham,* 691 S.W.2d 553 (Tenn.App.1985). The statement in the letter that it would allow Phillips to take possession of the equipment should be read to mean that the letter was sufficient to make the sale but Phillips

would have to execute more complete documents later. The letter was sufficient under Tennessee law to complete a sale to Phillips. Tenn.Code Ann. §§ 47–2–106, 47–2–201 & 47–2–401. At best, the letter shows MTIDA's intent that title would not pass until the other documents were completed and signed. But retention of title would only have given MTIDA a security interest. Tenn.Code Ann. §§ 47–1–201(37), 47–2–401 & 47–9–102; *In re Tom Woods Used Cars, Inc.*, 21 B.R. 560 (Bankr.E.D. Tenn.1982) (Jahn v. Quintrell). The letter could arguably amount to a security agreement, if combined with other documents. Tenn.Code Ann. § 47–9–203(1)(a). But MTIDA cannot prevail by proving a security interest that was unperfected when she filed her bankruptcy petition.

The court concludes that Phillips was the owner of the property when she filed her bankruptcy petition and MTIDA did not have a perfected security interest. The result is that the trustee is entitled to the proceeds of the sale.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.